**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER RUZICH,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC, SHREWSBURY MOTORS, INC., PRINCETON VOLKSWAGEN, AND PRINCETON AUTOMOBILE COMPANY,<br><br>Defendants. | Civil Action No.: 16-4753 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff Christopher Ruzich's Motion to Remand and for Just Costs and Expenses pursuant to 28 U.S.C. § 1447 (ECF No. 6), and Defendant's Motion for a Stay of Proceedings. (ECF No. 15). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's motion to remand, but denies Plaintiff's motion for costs and expenses. Furthermore, this Court declines to rule on Defendants' Motion for Stay of Proceedings as this Court is without Subject Matter Jurisdiction to do so.

## BACKGROUND

On June 22, 2016, Plaintiff filed an action against Defendants in the Superior Court of New Jersey, Middlesex County, Law Division arising from Defendants' alleged violations of New

Jersey's Consumer Fraud Act ("CFA"), Truth-in-Consumer Contract Warranty and Notice Act ("TCCWNA"), as well as breach of contract, fraudulent misrepresentation, breach of the warranty of merchantability, negligence, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and unjust enrichment in connection with the purchase of a specific 2010 Volkswagen Clean Diesel automobile. (*See* ECF No. 1-2 ("Compl.")). According to Plaintiff's Complaint, on or about November 6, 2009, "Plaintiff purchased a 2010 Volkswagen SportWagen TDI." (Compl. ¶ 74). In said complaint, Plaintiff further alleges Defendants made misrepresentations with regards to the vehicle's emission levels and fuel efficiency. (Compl. ¶ 75). Specifically, Plaintiff asserts that Defendants "omitted and concealed from Plaintiff the facts (*sic*) that the car he was seeking to purchase was not a 'Clean Diesel'" automobile as advertised. (Compl. ¶ 76). Plaintiff's allegations are grounded on the fact that Defendants allegedly utilized "defeat devices" in various automobiles, including the one Plaintiff purchased, which was designed to assure the vehicle passed emission tests despite the fact that the vehicles' emissions exceeded legal limits. (Compl. ¶¶ 39-41). Plaintiff, therefore, claims that Defendants violated various New Jersey laws and seeks compensation.

On August 4, 2016, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 (a), (c) and 28 U.S.C. § 1446. (ECF No. 1.) On August 31, 2016, Plaintiff filed a motion to remand this action to the Superior Court of New Jersey, Middlesex County, Law Division, and for costs and expenses incurred by Plaintiff as a result the motion to remand under 28 U.S.C. § 1447. (ECF No. 13; *see also* ECF No. 13-1, Brief of Plaintiff in Support of Motion for Remand and for Just Costs and Expenses Pursuant to 28 U.S.C. § 1447 ("Pl. Mov. Br.")). Defendants filed opposition (ECF No. 16, Defendant's Brief in Opposition to Plaintiff's Motion for Remand and

for Just Costs and Expenses Pursuant to 28 U.S.C. § 1447 ("Def. Opp. Br.")). Separately, Defendants filed a Motion to Stay the Proceedings Pending Transfer to *In re: Volkswagen "Clean Diesel" Marketing, Sales, Practices, and Products Liability Litigation*; MDL No. 2672 (ECF No. 15). Plaintiff has opposed the Motion for Stay arguing that this Court does not have subject matter jurisdiction, and, therefore, does not have authority to resolve the Motion for Stay of Proceedings. This motion is now ripe for resolution.

## ARGUMENTS & ANALYSIS

### I.  Remand

A plaintiff is "the master of the claim". *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Mere references to federal law within the context of state law causes of action do not automatically give rise to jurisdiction in a federal district court under Section 1331. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–12 (1983).

Federal law does not create the cause of action in this matter. *See id.* at 27–28. Defendants' assertion that jurisdiction arises here under federal law is without merit, since Plaintiff's claims "do[] not fit within th[at] special and small category," as "it takes more than a federal element to open the 'arising under' door." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699-701 (2006). State claims — such as those asserted by Plaintiff is his complaint— are not transformed into federal causes of action merely because the Court will be called upon to note that an underlying federal violation has occurred. *See Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 813–17 (1986)(affirming the remand of a state law claim that was based on a theory that defendant violated a federal law); *see also JVC Ams. Corp. v. CSX Intermodal Inc.*, 292 F. Supp. 2d 586, 592 (D.N.J. 2003)(stating removed action should be remanded when federal law is merely

referenced or mentioned in a state law claim); *Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 214–15 (D.N.J. 1992)(granting motion to remand state law claim, even though the complaint cited underlying federal law).

Defendants look to *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), which concerned an action to quiet title under state law, in support of their contention that Plaintiff's complaint raises a federal question. *Grable* held that jurisdiction under Section 1331 existed therein because significant federal issues would be implicated, such as the need to interpret sections of the Internal Revenue Code. *Id.* at 314–15.

However, *Grable* and the matter *sub judice* are dissimilar. The issue in *Grable* "centered on the action of a federal agency (i.e. the Internal Revenue Service) and its compatibility with a federal statute," and "its resolution was both dispositive of the case and would be controlling in numerous other cases," whereas Plaintiff's complaint herein seeks compensation for misrepresentations regarding an automobile's emission levels. Thus, the matter was not "triggered . . . by the action of any federal department, agency, or service". *Empire*, 547 U.S. at 700. Moreover, the Third Circuit has held that *Grable* "exemplified a slim category of state-law claims which involve pure issues of [federal] law." *Kalick v. Nw. Airlines Corp.*, 372 F. Appx. 317, 320 (3d Cir. 2010)(internal quotes omitted).

Simply, references to violations of federal law by Plaintiff in his complaint does not give rise to jurisdiction under Section 1331. *See Rodriguez v. Hovensa, L.L.C.*, No. 12-100, 2014 WL 1308836, at *18–19 (D.V.I. Mar. 31, 2014)(remanding personal injury action to local superior court, since jurisdiction did not arise under Section 1331 merely because plaintiff referred to defendant's violations of federal emissions standards in causing the injuries). Here, Plaintiff has

4

not implicated the Clean Air Act, the regulations promulgated by the EPA, or any other federal law in any way. Indeed, Plaintiff's complaint contains only common law and New Jersey statutory causes of action. Any references to federal law merely inform Plaintiff's state law claims. This is not one of the "rare occasions . . . a suit raising a state-law claim rises or falls on the plaintiff's ability to prove the violation of a federal duty." *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 136 S.Ct. 1562, 1569 (2016) (concerning remand of action asserting state law claims, even though the claims explicitly referred to defendant's alleged violations of federal securities regulations).

Thus, Defendants argument that the resolution of this action requires an assessment as to whether Defendants' violated the Clear Air Act thereby vesting this Court with subject matter jurisdiction fails. (Def. Opp. Br. At 10). The mere fact that Plaintiff may be required to show a violation of the Clear Air Act in order to prevail does not subject matter jurisdiction in this action. *See Merrell Dow Pharms.*, *supra* at 813–17; *JVC Ams. Corp.*, *supra* at 592. Moreover, while this Court does not make any determinations regarding the merits of the matter, it seems Defendants have already conceded that they did in fact violate the Clean Air Act. *See* ECF 13-2 Exh. I at 1 (Defendant Volkswagen's sworn Congressional testimony wherein it issued an "apology for [its] use of a software program that served to defeat the regular emissions regime" and stated that on September 3, 2013 it voluntarily disclosed "that emissions software in four cylinder (*sic*) diesel vehicles from model years 2009-2015 contained a 'defeat device' in the form of hidden software that could recognize whether a vehicle was being operated in a test laboratory or on the road. Those software (*sic*) made those [vehicles] emit higher levels of nitrogen oxides when the vehicles were driven in actual road use than during laboratory testing."); *see also* ECF 13-2 Exh. F at 2-3

(consent decree wherein defendant admitted that it used software to render emission control systems inoperative, thereby "resulting in emissions that exceed EPA-compliant . . . levels").[1]

## II. Costs and expenses

Plaintiff's application also seeks an award for the costs and expenses it incurred in opposing the removal and seeking remand. (Pl. Mov. Br. at 25-7). *See* 28 U.S.C. § 1447(c)(stating order of remand may require the removing party to pay the costs and expenses incurred by the non-removing party). The Court finds that Defendants' arguments in support of removal, while unsuccessful, were reasonable and raised in good faith. *See Lougy v. Volkswagen Grp. of Am., Inc.*, No. 16-1670, 2016 WL 3067686, at *4 (D.N.J. May 19, 2016) (denying award of costs and expenses, even though the action was remanded). Defendants quickly sought removal with the intent of including this litigation in the pending MDL. Under the circumstances, the Court will exercise the "broad discretion" to deny the portion of Plaintiff's motion seeking an award of costs and expenses. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996).

## III. Stay

The Court is authorized to address the issue of remand at this juncture. *See* J.P.M.L. Rule 2.1(d). Because this Court has found it to be appropriate to remand the action, it is without jurisdiction to make any further determinations or rulings. Thus, the Court declines rule on Defendants' Motion for Stay of Proceedings.

---

[1] Defendants argue that the Consent Decree did not include any admission or liability. (Def. Opp. Br. at 17). The language quoted in the text above from the aforementioned Consent Decree demonstrates that this argument is without merit.

6

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Remand is granted, but the application for costs and fees is denied. Defendants' Motion for Stay of Proceedings is denied. Defendants' right to seek a stay at the State Court level remains unaffected. This Court will enter an appropriate order.

DATED: October 4, 2016

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE